UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR 18 2016
CLERK, U.S. DISTRICT COURT
By _____ Deputy

| | | |
|---|---|---|
| RICHARD D. YOUNG, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:16-CV-543-N (BF) |
| | § | |
| DALLAS INDEPENDENT SCHOOL | § | |
| DISTRICT AND ZACHARY HALL, | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF'S AMENDED PETITION

### I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 15(a) and Joint Status Report, Plaintiff Richard D. Young (Plaintiff) files this Amended Petition (Petition) against Defendants Dallas Independent School District (DISD) (the district) (Defendant) and Zachary Hall (Hall), which originated from Dallas County Court, and respectfully shows the following:

### II. DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery pursuant to Federal Rule of Civil Procedure 26-37.

### III.
### PARTIES

2. Plaintiff is an individual and a resident of Dallas, Dallas County, Texas.

3. Defendant Dallas Independent School District is an independent school district organized under the laws of the State of Texas. Defendant may be served with process, including citation and a copy of this lawsuit, by serving Defendant's Superintendent of Schools, Dr. Eliu Misael "Michael" Hinojosa, 3700 Ross Avenue, Dallas, Texas 75204, or wherever Defendant

may be found.

4.  Defendant Zachary Hall is a resident of Dallas, Dallas County, Texas, and can be served at Stephen C. Foster Elementary, 3700 Clover Ln., Dallas, TX 75220, or wherever he may be found.

## IV.
## JURISDICTION

5.  The Court has jurisdiction over this action because the amount in controversy, exclusive of interest and costs, is within the jurisdictional limits of the Court.

6.  Plaintiff seeks damages in excess of $584,000.00, including actual and compensatory damages, and costs.

## V.
## VENUE

7.  Venue is proper in U.S. District Court-Dallas Division because (a) Defendants principle place(s) of business is in Dallas, Dallas County, Texas, and (b) all or a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Dallas, Dallas County, Texas.

## VI.
## FACTUAL BACKGROUND OF PLEADINGS

8.  Plaintiff worked for Defendant from November 2012 until June 2015.

9.  Plaintiff was housed under an external alternative certification program.

10. Plaintiff served under a second consecutive teacher's contract.

11. Plaintiff was a General Education teacher at Stephen C. Foster Elementary (Foster).

12. In July of 2014, Zachary Hall (Hall) became principal of Stephen C. Foster Elementary.

13. In August of 2014, Plaintiff was made aware by several staff members that Assistant Principal Hebert DaSilva (DaSilva), Academic Coordinator Susan Clark (Clark), and Guidance Counselor DeLauren Kruzel (Kruzel) filled Hall with knowledge of negative

propaganda about Plaintiff.

14. Since October 2014, Plaintiff (African-American) has been subjected to harassment, discrimination, bullying, unnecessary surveillance, and retaliation based on his race/ethnicity, reporting violations of the law, and reporting workplace violations by Zachary Hall (Anglo).

15. On October 20, 2014, Plaintiff was reprimanded for the first time by Hall for a document that was one day tardy, while two other teachers, whom were of a different race than Plaintiff, were not reprimanded for being tardy submitting the same document.

16. On October 27, 2014, Plaintiff was reprimanded again for improper procedures for departing campus early for a last minute medical emergency, and was falsely accused of leaving his students unsupervised.

17. Plaintiff challenged the reprimand by filing an informal internal complaint to Hall.

18. On November 10, 2014, Plaintiff was placed on a growth plan (improvement plan), which was unwarranted and in retaliation for filing the internal complaint.

19. One of the provisions of the growth plan entailed Plaintiff being videotaped against his will, by DaSilva, while teaching his students.

20. Hall nor DaSilva gained permission from the parents or guardians of Plaintiff's students to be videotaped as required by law.

21. Hall directed a teaching assistant, whom spoke poor English, to cover the Plaintiff's English-speaking classroom, while Plaintiff was directed to cease his lesson and report to Hall's office to go over the growth plan.

22. On November 12, 2014, Plaintiff emailed Hall's immediate supervisor, Timothy Hise (Hise), regarding disparate treatment and harassment he has endured from Hall.

23. On November 14, 2014, Plaintiff received an email from Hall on a Friday night, threatening Plaintiff with a termination regarding his lesson plans, in retaliation for emailing Hall's supervisor.

24. Plaintiff emailed the district's Workplace Coordinator, Romeal Johnson

(Johnson), of Employee Relations regarding the disparate treatment and harassment he has endured from Hall.

25. On November 20, 2014, Johnson appeared on campus without notice and had a conversation with both Hall and Hise regarding Plaintiff's claims about disparate treatment and harassment that he emailed to Johnson.

26. At the close of the growth plan period which ended December 5, 2014, DaSilva forced Plaintiff to sign the results of his growth plan in front of his students, causing him embarrassment and humiliation.

27. During this time, Plaintiff was required to be escorted from his classroom by another Teaching Assistant to report to Hall's office to sign another letter of reprimand for an unknown cause, causing him further embarrassment and humiliation.

28. On January 8, 2015, Plaintiff received a letter of concern from Hall regarding input of students weekly grades into the district's grading software "GradeSpeed."

29. On January 29, 2015, Plaintiff was observed by his evaluator from an external Alternative Certification Program and received a superior rating and a recommendation to SBEC/TEA for standard teacher certification.

30. On January 30, 2015, the very next day Plaintiff was improperly evaluated by Hall, at the same time, teaching the same subject matter, and received a negative rating resulting in all zeroes, on the new TEI evaluation system that was never piloted and has received controversy all over the media.

31. On February 6, 2015, Plaintiff notified law enforcement officials, Hall, and DaSilva that there were teens from a neighboring middle school that trespassed, and were jumping off the roof of Foster Elementary after hours.

32. On February 7, 2015, the very next day on Saturday, Plaintiff received an email from Hall that stated he needed to clock-in by 7:25am each morning.

33. On February 9, 2015 Hall announced to Plaintiff that he was being placed on a second growth plan, which was unwarranted and in retaliation for 'blowing the whistle' by notifying the police regarding the safety issues.

34. Plaintiff was placed on the second growth plan for allegedly receiving all zeroes on his evaluation, while two other teachers, whom were of a different race than Plaintiff, were not placed on growth plans for receiving all low scores on the same evaluation.

35. One of the growth plan provisions required Plaintiff to be racially separated from the other Anglo and Hispanic kindergarten teachers during lesson plan submission, by submitting his own lengthy detailed lesson plan, while the remaining kindergarten teachers were allowed to submit a general and brief group kindergarten lesson plan.

36. Another provision of the growth plan included observing, then co-teaching with another teacher whom was a FaceBook friend of Hall, and observing another teacher whom Hall attended high school with, both creating conflicts of interest.

37. On February 20, 2015 Plaintiff filed his first grievance pursuant to Defendant's policy contesting the growth plan and evaluation results. Plaintiff also filed a complaint with the district's Legal Department regarding disparate treatment, harassment, and equal opportunity.

38. On March 6, 2015, with DaSilva and Clark in attendance, Hall notified Plaintiff, without justification, that Plaintiff would not have a job at Foster after the 31st of the month, March, which was in retaliation of contacting law enforcement officials, filing the grievance, and filing the legal complaint.

39. During the meeting, with DaSilva and Clark in attendance, Hall notified Plaintiff if he utilized any of his sick leave, he would remove Plaintiff from the campus altogether and replace him with someone else, despite the fact that two other staff members, whom were of a different race than Plaintiff, were allowed to utilize their sick leave in lieu of terminating their own positions.

40. On March 7, 2015, Hall emailed Plaintiff on a Saturday, the first day of Spring Break and stated to him that he was being reassigned effective immediately, without reason.

41. On March 16, 2015 after returning from Spring Break, Plaintiff was notified by DaSilva that he was being demoted to Special Education Teaching Assistant, although his teaching certificate was still valid and he still renewed his teaching certificate, per directive of

Hall.

42. After being demoted, Plaintiff was injured in the autism unit by one of the students by receiving multiple scratches, exposing blood on the Plaintiff's limbs, causing Plaintiff to initiate a Worker's Comp Claim.

43. Plaintiff was notified via email later that same day by Hall that he was being reassigned to a newly created position as the Reading and Math Intervention Teacher for grades K-2, in which Plaintiff did not legally qualify for.

44. Plaintiff was quickly replaced in the kindergarten class with a Permanent Substitute Teacher that had less experience than Plaintiff.

45. Plaintiff was officially stripped of his teaching duties, removed from his kindergarten classroom, and reassigned to a portable classroom with no job description, curriculum, supplies, technology, or instructional materials.

46. On March 27, 2015 Plaintiff spoke with an internal investigator of the districts Professional Standard's Office regarding illegal discrimination, retaliation, harassment, bullying, and disparate treatment from Hall.

47. On March 31, 2015, Level I Grievance was heard from Plaintiff, before Hall and DaSilva, and Plaintiff was dismissed from Foster immediately following the Grievance hearing.

48. On April 1, 2015 Plaintiff received an email from Hall on Plaintiff's personal email account stating that he needed to contact Employee Relations for 'next steps,' after Plaintiff was already dismissed from Foster.

49. On April 2, 2015 Plaintiff reported to Lora Averhart (Averhart) in Employee Relations, where he was placed on a non-disciplinary administrative leave with pay, after already being dismissed from Foster.

50. Plaintiff has never been informed of the reason why he was placed on administrative leave.

51. Due to the administrative leave, Plaintiff has not been allowed to return to work and was banned from campus, which prohibited him from volunteering on the district's campuses, from being involved in school festivities and field trips, from participating in class

and staff picture day, and from being interviewed by other administrators.

52. On April 14, 2015, Plaintiff received notice, from Norman Cannon (Cannon) of Employee Relations, of the district's Intent to Recommend Termination at the end of Plaintiff's contract term and also received only a three day notice to resign in lieu of termination.

53. On May 18, 2015, Plaintiff received official notice, from Johnson of Employee Relations, of his teacher's contract to be terminated at the end of the 2014-2015 school term.

54. Plaintiff was never informed of the reason why his contract was terminated.

55. On May 22, 2015, Plaintiff filed a Title VII complaint with the Texas Workforce Commission-Civil Rights Division in Austin.

56. On May 29, 2015, Level II Grievance was heard from Plaintiff, before Hall, Hise, and in-house attorney Lisa Ray (Ray).

57. On June 5, 2015, Plaintiff's teaching contract was officially terminated from the district.

58. On August 20, 2015, Level III Grievance was heard from Plaintiff, before the district's School Board Subcommittee Trustees Dr. Lew Blackburn, Mike Morath, and Nancy Bingham.

59. When the grievance was decided August 20, 2015, Plaintiff filed a petition with Commissioner of Education of the Texas Education Agency that same day and filed alleged violations on September 17, 2015.

60. The TEA sent DISD a letter stating that the district should file "the local record of appeal" with the TEA within thirty days of receipt of the letter dated September 11, 2015, in response to the appeal filed by the Plaintiff in August 2015.

61. On September 23, 2015, Plaintiff filed a Whistleblower Complaint to the district's Professional Standards Office through the districts third party whistleblower hotline, separating discrimination and harassment claims from the previous complaint.

62. On October 5, 2015, Plaintiff received a letter from the districts Legal Department stating the results of the Professional Standards Office of Plaintiff's allegations against Hall.

63. Finally, Hall has discriminated and retaliated against Plaintiff by refusing to give

him the opportunity to teach under contract for another school term, needed to gain entry in to the Principal Program at Stephen F. Austin University.

64. As a result, Plaintiff has had to seek employment elsewhere to gain an additional school year of teaching experience to gain entry into the Principal Program.

65. Hall knowingly and willfully retaliated against Plaintiff by disregarding the superior evaluation and recommendation for standard teacher certification for Plaintiff, signed by Plaintiff's evaluator from A-plus Texas Teachers Alternative Certification Program.

66. Defendants violated several provisions of Plaintiff's contract.

67. Plaintiff was granted the right to sue from The Texas Workforce Commission-Civil Rights Division on December 5, 2015.

68. Plaintiff has exhausted all administrative remedies.

## VII.
## CONDITIONS PRECEDENT

69. Plaintiff timely filed a Charge of Discrimination with the Texas Workforce Commission.

70. Plaintiff timely filed a Whistleblower complaint with the district's third party Whistleblower hotline.

71. Plaintiff at this time has not been offered a settlement offer or agreement.

72. Plaintiff has timely exhausted all of his administrative remedies.

## VIII.
## CAUSES OF ACTION

A. **First Cause of Action-Unlawful Retaliation**

73. Plaintiff incorporates each of the foregoing paragraphs.

74. Plaintiff engaged in protected activity as set forth in Texas Labor Code Section 21.055. In response, Defendants retaliated against Plaintiff and ultimately terminated Plaintiff's employment.

75. Defendants actions violated section 21.055 of the Texas Labor Code.

76. Defendants did not have adequate policies or procedures in place to address the

retaliation, nor did it implement prompt remedial measures.

**B.   Second Cause of Action-Texas Whistleblower Act**

77.   Plaintiff incorporates each of the foregoing paragraphs.

78.   Defendant's actions set forth above, as well as other facts that will be developed through discovery, violate the Texas Whistleblower Act, Texas Government Code §554.001, *et seq.*

79.   Plaintiff was terminated in retaliation for reporting a violation of law to an appropriate law enforcement authority.

80.   Plaintiff has exhausted all administrative prerequisites to the filing of suit as required by Texas Government Code §554.006.

81.   Because Plaintiff was terminated, and otherwise retaliated against, within 90-days of reporting a violation of law to an appropriate law enforcement authority, a rebuttable presumption exists that the Defendant is liable for retaliating against him under the Texas Whistleblower Act.

**C.   Third Cause of Action-Unlawful Discrimination: Race and Color**

82.   Plaintiff incorporates each of the foregoing paragraphs

83.   Defendants discriminated against Plaintiff under the TCHRA and Title VII

84.   Defendants actions violate the TCHRA and Title VII

85.   Defendants did not have adequate policies or procedures in place to address the discrimination, nor did it implement prompt measures.

86.   Plaintiff has satisfied all jurisdictional prerequisites in connection with his claim under the TCHRA.

**D.   Fourth Cause of Action-Harassment**

87.   Plaintiff incorporates each of the foregoing paragraphs.

88.   Defendants did not have adequate policies or procedures in place to address the harassment, unnecessary surveillance, *inter alia.*

89.   Defendants violated Title VII.

E.  **Fifth Cause of Action-Contract Violations**

90.  Plaintiff incorporates each of the foregoing paragraphs.

91.  Defendants actions against Plaintiff's contract violates Texas Education Code Chapter 21 and several statutes of the Texas Government Code.

92.  Plaintiff has satisfied all jurisdictional prerequisites in connection with his claims governed under Texas Education Code Chapter 21.

F.  **Sixth Cause of Action-*Individuals with Disabilities Education Act* Violations**

93.  Plaintiff incorporates each of the foregoing paragraphs.

94.  Defendants actions by demoting him to a special education assistant without proper updated training violates several provisions of United States Code 1462 Section 662, Public Law 108-446.

95.  Plaintiff was injured by a special education student.

96.  Plaintiff initiated a worker's comp claim.

G.  **Seventh Cause of Action-Defamation & Defamation *per se***

97.  Plaintiff incorporates each of the foregoing paragraphs.

98.  Defendant Hall maliciously produced a false evaluation, erroneous statements to his immediate Supervisor, Hise, and the School Board Subcommittee, Blackburn, Morath, and Bingham, by and through the district's in-house counsel, Ray, about Plaintiff that inquired his reputation, potentially exposed him to public hatred, contempt, humiliation, and financial injury, and impeached Plaintiff's honesty and integrity.

99.  The false contentions were made in Hall's capacity as an employee of DISD and possibly outside those boundaries.

100.  Defendants perpetuated and ratified the actions.

101.  Defendants actions constitute both defamation and defamation *per se*.

## IX.

## DAMAGES

102.  Plaintiff incorporates each of the foregoing paragraphs.

103.  Because defendant's actions were done with malice and/or reckless indifference

to Plaintiff's state-protected rights.

104. Defendant's actions violated the Texas Whistleblower Act, which entitles Plaintiff to recover from Defendant reinstatement, injunctive relief, actual damages, compensation for lost wages, reinstatement of fringe benefits and seniority rights, pecuniary losses and non-pecuniary losses, losses for but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, as well as pre-judgment and post-judgement interest, and a civil penalty against Defendant Hall.

105. Defendant's actions violated the TCHRA and Title VII, which entitles Plaintiff to recover from Defendant reinstatement, back pay, punitive damages, and losses including, but not limited to, out of pocket expenses, job search, medical expenses, emotional harm, mental anguish, inconvenience, loss of enjoyment of life.

106. Further, pursuant to Texas Government Code §554.008, Plaintiff seeks on behalf of the State of Treasury a civil penalty not to exceed $15,000 against Hall for taking adverse action against Plaintiff.

## X.
## ATTORNEYS' FEES AND COSTS

107. Plaintiff incorporates each of the foregoing paragraphs.

108. Plaintiff presently appears *pro se*, and has not retained the services of counsel to prosecute his/her claims at this time.

109. Pursuant to Texas Labor Code section 21.259, Plaintiff is entitled to recover a reasonable attorneys' fee from Defendant, including reasonable expert fees, if status changes.

110. Further, pursuant to Texas Government Code §554.003, Plaintiff is entitled to recover attorneys' fees, costs and expenses, if status changes.

## XI.
## JURY DEMAND

111. Plaintiff demands a trial by jury.

## XII.
## CONCLUSION AND PRAYER

112. Plaintiff respectfully requests that Defendants be cited to appear and answer, and that upon final trial of this matter, the Court enter judgment awarding Plaintiff:

- A. Back pay (including benefits) as determined by the jury;
- B. Compensatory damages as determined by the jury;
- C. Punitive damages as determined by the jury;
- D. Judgement against Defendants for all other exemplary damages for the maximum amount allowed by law, including emotional pain, suffering, mental anguish, inconvenience, loss of enjoyment of life, and other nonpecuniary losses covered under both Whistleblower Act ($250,000) and Title VII ($300,000);
- E. A civil penalty not to exceed $15,000.00 against Hall pursuant to Texas Government Code §554.008 for taking adverse action against Plaintiff;
- F. Court costs, if any;
- G. Pre-judgment and post-judgment interest at the rate set by law;
- H. Immediate reinstatement with the district in the same capacity;
- I. Removal of all reprimands, letters of concern, growth plans, and all other negative employment matters from Plaintiff's personnel file;
- J. Seniority rights and other fringe benefits;
- K. Fair and neutral job reference;
- L. All legal or equitable relief this Court deems proper.

Respectfully Submitted,

/s/ *Richard D. Young*
Richard D. Young (pro se)
3810 Inwood Rd. #116
Dallas, TX 75209
Cell (972)201-6681
Home (469)914-2240
YoungRichardD@yahoo.com

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(d)(1), a true and correct copy of the foregoing was submitted to Defendants Dallas Independent School District and Zachary Hall, by and through their counsel of record, Kathryn E. Long, via electronic email at: klong@thompsonhorton.com on this _9th_ day of April, 2016

Respectfully Submitted,

/s/ <i>Richard D. Young</i><br>
Richard D. Young (pro se)



U.S. POSTAGE
PAID
DALLAS, TX
75219
APR 13, 16
AMOUNT
**$0.89**
R2303S100409-34

75242

RECEIVED
APR 19

Richard D. Young (Pro Se)
3810 Inwood Rd. #116
Dallas, TX 75209

U.S. District Court
Northern District of Texas
Dallas Division
Attn: Clerk of Court
Earle Cabell Building
1100 Commerce St., Rm. 1452
Dallas, TX 75242