UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD D. YOUNG, | § | |
| Plaintiff, | § | |
| v. | § | No. 3:16-CV-543-N-BF |
| DALLAS INDEPENDENT | § | |
| SCHOOL DISTRICT and | § | |
| ZACHARY HALL, | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), the District Court has referred this removed civil action to the United States Magistrate Judge for pretrial management. *See* New Case Notes, ECF No. 3. Before the Court is Dallas Independent School District and Zachary Hall's ("Defendants") Motion for Summary Judgment [ECF No. 26]. For the following reasons, the undersigned respectfully recommends that the District Court **GRANT** Defendants' motion.

**Background**

Plaintiff Richard Young ("Plaintiff"), an African-American male, commenced working for Dallas Independent School District ("DISD") in November of 2012 in various capacities. *See* Defs.' Br. 1-2, ECF No. 27. In March of 2014, Plaintiff received his probationary educator's certificate, and entered into a one-year probationary contract with DISD for the 2014-2015 school year as a kindergarten teacher at Foster Elementary. *Id.* at 2.

At the beginning of the 2014-2015 school year, Defendant Zachary Hall ("Hall") became the Principal of Foster Elementary and served as Plaintiff's supervisor and primary evaluator during that school year. *Id.* at 4. Hall and other staff members conducted multiple Spot Observations of Plaintiff's classroom instruction from September 2014 to February 2015. *Id.* at 4-14. These Spot Observations yielded many "unsatisfactory" ratings from all evaluators, including

1

Hall, which eventually resulted in Plaintiff being placed on two Intervention Plans. *Id.* Plaintiff failed to successfully complete both Intervention Plans. *Id.* Plaintiff also continued to miss other professional development opportunities. *Id.* at 15. Throughout this time period, Plaintiff mentioned numerous times that he may not return to Foster Elementary. *Id.* at 4-14. On February 20, 2015, Plaintiff filed an internal grievance to complain of his extended observation results and the Second Intervention Plan. *Id.* at 17.

On April 1, 2015, DISD placed Plaintiff on administrative leave. *Id.* On April 6, 2015, Hall recommended to DISD's Employee Relations Department the termination of Plaintiff's employment for the following reasons: deficiencies pointed out in observation reports, evaluations, or other communications; failure to fulfill duties or responsibilities; incompetency or inefficiency in the performance of duties; insubordination or failure to comply with official directives; a lack of significant student progress attributable to the educator; and failure to fulfill the requirements of an Intervention Plan. *Id.* at 15-16. On April 14, 2015, DISD notified Plaintiff of its intent to recommend termination of his probationary contract at the end of the contract term. *Id.* at 16-17. On May 18, 2015, DISD terminated Plaintiff's probationary contract. *Id.* at 17.

On November 12, 2015, Plaintiff filed the instant suit alleging (1) violation of Title VII, 42 U.S.C. § 2000e-2(a)(1); (2) violation of the Texas Whistleblower Act ("TWA"); (3) breach of contract; (4) defamation; (5) unlawful harassment; (6) violation of the Texas Labor Code; and (7) violation of the Individuals with Disabilities Education Act ("IDEA"). *See* Pl.'s Am. Pet. 8-10 ¶ 73-101, ECF No. 8. Defendants now move for summary judgment on all of Plaintiff's claims and causes of action. This motion is ripe for determination.

## Standard of Review

Summary judgment is appropriate when the pleadings and evidence show that no genuine

issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Only disputes about material facts will preclude the court from granting summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The burden is on the movant to prove that no genuine issue of material fact exists. *Latimer v. Smithkline & French Lab.*, 919 F.2d 301, 303 (5th Cir. 1990). If the non-movant bears the burden of proof at trial, the summary judgment movant need not support his motion with evidence negating the non-movant's case, but rather, the movant may satisfy his burden by pointing to the absence of evidence to support the non-movant's case. *Little*, 37 F.3d at 1075. Once the movant meets his burden, the non-movant must show that summary judgment is not appropriate. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). To determine whether a genuine issue exists for trial, the court must view all of the evidence in the light most favorable to the non-movant, and the evidence must be sufficient such that a reasonable jury could return a verdict for the non-movant. *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000) (citing *Anderson*, 477 U.S. at 248)). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, the court must grant summary judgment. *Celotex,* 477 U.S. at 322-23.

While courts liberally construe the pleadings of *pro se* litigants, courts are not obligated under Rule 56 to search the record to find evidence supporting a party's opposition to a summary judgment motion. *See Franklin v. BAC Home Loans Serv., L.P.*, No. 3:10-CV-1174-M (BH), 2012 WL 2679496, at *3 (N.D. Tex. 2012) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981); *Martin v. United States Post Office*, 752 F. Supp. 213, 218 (N.D. Tex. 1990); *Adams v. Travelers Indent. Co.*, 465 F.3d 156, 164 (5th Cir. 2006); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).

## Analysis

### Race Discrimination under Title VII

To prevail on his discrimination claim, Plaintiff must present direct or circumstantial evidence that his race was a motivating factor for Defendants' alleged adverse employment actions. *See, e.g., Siddiqui v. AutoZone West, Inc.*, 731 F. Supp. 2d 639, 648 (N.D. Tex. 2010). "Direct evidence is evidence that, if believed, proves the fact of discriminatory animus without inference or presumption." *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897 (5th Cir. 2002). In this case, Plaintiff does not specifically refer in his pleadings to any direct evidence of discrimination. Nor does he identify any such evidence in the summary judgment record. Thus, he must rely on circumstantial evidence to prove discrimination.

To prove his claim with circumstantial evidence, Plaintiff must use the three-step "modified *McDonnell–Douglas* approach." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007). First, Plaintiff must establish a prima facie case of discrimination, which "creates a presumption that [Defendant] unlawfully discriminated against her." *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981). To establish a prima facie case of race discrimination, Plaintiff must show that (1) he is a member of a protected class; (2) he was qualified for his position; (3) he was subjected to an adverse employment action; and (4) he was replaced by someone outside the protected class or other similarly situated employees were treated more favorably. *See Okoye v. Univ. of Tex. Hous. Health Sci. Ctr.*, 245 F.3d 507, 512 (5th Cir. 2001). If Plaintiff establishes a prima facie case of discrimination, the burden shifts to Defendants to articulate a legitimate, nondiscriminatory reason for the employment action taken against Plaintiff. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506-07 (1993). Defendants' burden is merely one of production, not proof, and involves no credibility assessments. *See, e.g., Crawford v.*

*Formosa Plastics Corp., La.,* 234 F.3d 899, 902 (5th Cir. 2000). If Defendants meet their burden, Plaintiff may prove intentional discrimination by proceeding under one of two alternatives: (1) the pretext alternative or (2) the mixed-motives alternative. *See Rachid v. Jack in the Box, Inc.,* 376 F.3d 305, 312 (5th Cir. 2004). Under the pretext alternative, Plaintiff must "offer sufficient evidence to create a genuine issue of material fact . . . that [Defendants'] reason is not true, but is instead a pretext for discrimination." *Id.* (internal quotation marks and citation omitted). Under the mixed-motives alternative, Plaintiff must offer sufficient evidence to create a genuine issue of material fact "that [Defendants'] reason, while true, is only one of the reasons for [its] conduct, and another motivating factor is [Plaintiff's] protected characteristic." *Id.* (internal quotation marks and citation omitted).

Defendants contend that they are entitled to summary judgment on Plaintiff's race discrimination claim because he cannot establish a prima facie case of discrimination, nor can he rebut Defendants' legitimate, nondiscriminatory reasons for his termination. Defs.' Br. 20-24, ECF No. 27. Plaintiff has failed to provide any evidence that he was replaced by someone who was not a member of his protected class or that he was treated differently from any similarly situated employee with respect to his termination. Plaintiff merely alleges that he was replaced by someone of a different race with less experience. Pl.'s Resp. 19-20, ECF No. 30. Plaintiff's conclusory and at times confusing allegations in regard to his Title VII claim do not present a prima facie case of discrimination based on race. *See id.* at 20. Further, Plaintiff cannot rely upon negative performance evaluations to show an adverse employment action to support his Title VII claim. *Id.* at 19, 21-22. Adverse employment actions include only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating. *McCoy v. City of Shreveport,* 492 F.3d 551, 559 (5th Cir. 2007). "[A]n employment action that does not affect job duties,

5

compensation, or benefits is not an adverse employment action for purposes of a discrimination claim under Title VII." *Pegram*, 361 F.3d at 282 (internal quotation marks omitted). Disciplinary warnings and negative performance evaluations do not constitute actionable adverse employment actions. *Roberson v. Game Stop/Babbage's*, 152 F. App'x 356, 360 (5th Cir. 2005); *Arrieta v. Yellow Transp., Inc.*, No. 3:05-CV-2271-D, 2008 WL 5220569, at *5 (N.D. Tex. Dec. 12, 2008), *aff'd*, 670 F.3d 644 (5th Cir. 2012). Therefore, of all the wrongs Plaintiff allegedly endured, only his termination constitutes an actionable adverse employment action for purposes of his discrimination claim.

Even assuming Plaintiff could establish a *prima facie* case of discrimination with respect to his termination, Defendants have articulated a legitimate, nondiscriminatory reason for its employment decision. Defendants have produced evidence showing that DISD terminated Plaintiff for a multitude of reasons including: repeatedly missing deadlines, failure to follow procedures, failure to perform his duties, failure to complete two Intervention Plans, and numerous instructional deficiencies. Defs.' Br. 23, ECF No. 27. Plaintiff has failed to identify any evidence that the decision to terminate his employment was based on his race. Instead, Plaintiff relies on his own subjective belief to establish discrimination. *See* Pl.'s Resp. 18-21, ECF No. 30. Plaintiff's subjective beliefs and conclusory allegations about alleged discrimination, without more, are simply not enough to survive summary judgment. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc). Accordingly, Defendants are entitled to summary judgment on Plaintiff's race discrimination claim.

### Retaliation under Title VII

"To prevail on a retaliation claim under Title VII, the plaintiff bears the burden of establishing a prima facie case by proving 1) that she engaged in a protected activity; 2) that an

adverse action was committed against her; and 3) that there was a causal nexus between the protected activity and the adverse action." *Washington v. DART*, No. 3:09-CV-1178-B, 2010 WL 5393515, at *5 (N.D.Tex. 2010) (citing *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996)); *Fierros v. Texas Dep't of Health*, 274 F.3d 187, 191 (5th Cir. 2001). "Once the plaintiff successfully establishes a prima facie case, the burden shifts to the defendant to demonstrate a legitimate, non-retaliatory reason for the adverse action." *Id.* (citing *Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981). "If the defendant successfully meets this burden, the presumption of a prima facie case is rebutted and the plaintiff must then establish, by a preponderance of the evidence, either that the employer's articulated reason is a pretext for retaliation, or that the employer's reason, while true, 'is but one of the reasons for its conduct, another of which was discrimination.'" *Id.* (citing *Richardson v. Monitronics Int'l, Inc.*, 434 F.3d 327, 322-23 (5th Cir. 2005). "If the employee proves that discrimination was one of multiple motivating factors in the employment decision, the burden shifts to the employer to prove it would have taken the same action despite the discriminatory animus." *Id.* (internal quotation marks and citation omitted).

It is unclear precisely what Plaintiff asserts is the protected activity he engaged in, but it appears that Plaintiff claims his email to an executive director and a member of Employee Relations, his internal grievance, and his report to DISD's Professional Standards Office form the basis of his retaliation claim. Defs.' Br. 25, ECF No. 27. Defendants argue that they are entitled to summary judgment on Plaintiff's retaliation claim because: (1) his emails to an executive director and member of Employee Relations does not constitute protected activity and did not result in any adverse employment action; (2) Plaintiff's internal grievance does not constitute "protected activity" because it did not complain of any unlawful employment practice of DISD that was

7

motivated by unlawful discrimination; and (3) Plaintiff's report to the Professional Standards Office did not result in any adverse employment action. *Id.* at 25-31.

Assuming that Plaintiff can establish a prima facie case of retaliation, Defendants have provided evidence of legitimate reasons for all the actions Plaintiff alleges to be retaliatory. Plaintiff alleges that he received an email from Hall threatening Plaintiff with termination in retaliation to Plaintiff emailing the executive director regarding a letter of concern Hall had sent to Plaintiff. Pl.'s Am. Pet. 3 ¶ 23, ECF No. 8; Defs.' Br. ECF No. 27 at 25. However, Hall emailed Plaintiff because Plaintiff failed to comply with the requirements of the Intervention Plan. Defs.' Br. ECF No. 27 at 10; Defs.' App. 209, ECF No. 28-1. Hall wanted to make Plaintiff aware that further disciplinary measures, including potential termination, may result if Plaintiff does not work in good faith with the goals set out in the Intervention Plan. *Id.* Next, Plaintiff alleges that he was dismissed from Foster Elementary immediately following his internal grievance hearing. Pl.'s Am. Pet. 6 ¶ 47, ECF No. 8. However, Plaintiff's probationary teaching certification expired at the end of March, making his probationary teaching contract void. Defs.' Br. at 15, ECF No. 27. Finally, Plaintiff cannot allege that his report to the Professional Standards Office resulted in his termination, because Hall was not aware of the report until after Hall had already made his decision to recommend to DISD Young's termination. *Id.* at 30, Defs.' App. 38-39, ECF No. 28-1.

Plaintiff does not identify any evidence that would raise a material issue as to whether Defendants' reasons were pretextual or motivated in any way by retaliatory animus. Defendants are therefore entitled to summary judgment on Plaintiff's retaliation claim.

**Unlawful Harassment Claim**

It appears that Plaintiff is asserting a hostile work environment claim. To state a claim for hostile work environment under Title VII, a plaintiff must allege facts sufficient to show that "the

harassment complained of affected a term, condition, or privilege of employment[.]" *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002). For harassment to "affect a term, condition, or privilege of employment," it must be "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Id.* Here, it seems that the harassment Plaintiff allegedly suffered from is in the form of: two disciplinary letters regarding a missed deadline and early departure from campus; an email asking Plaintiff to clock in on time; and the two Intervention Plans. Pl.'s Am. Pet. 3 ¶ 23, ECF No. 8; Defs.' Br. at 24, ECF No. 27.

However, Plaintiff's allegations, even when taken as true, fail to demonstrate that Plaintiff endured harassment that was sufficiently severe or pervasive to alter the conditions of his employment. Because Plaintiff has not alleged sufficient facts to establish that the harassment complained of affected a term, condition or privilege of his employment, the District Court should grant Defendants' Motion for Summary Judgment on Plaintiff's hostile work environment claims. *Stone*, 2014 WL 5654307, at *7 (upholding dismissal of hostile work environment discrimination claim because plaintiff's allegations of "sabotage," loss of privileges, increased supervision, and invasion of personal work space were insufficient to state a claim for actionable harassment). Additionally, the Fifth Circuit has declined to expressly recognize a cause of action for retaliatory hostile work environment. *Fallon v. Potter*, 277 F. App'x 422, 424 & n.3 (5th Cir. 2008); *Bryan v. Chertoff*, 217 Fed. App'x 289, 293 (5th Cir. 2007). Accordingly, Defendants are entitled to summary judgment on Plaintiff's hostile work environment claim.

### Defamation and Breach of Contract

Defendants argue Plaintiff's defamation and breach of contract claims are barred by res judicata. "Under the law of this circuit, claim preclusion, or pure res judicata, is the venerable legal canon that insures the finality of judgments and thereby conserves judicial resources and protects

litigants from multiple lawsuits." *Proctor & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 (5th Cir. 2004) (internal quotation marks and citation omitted). "Res judicata applies where (1) the parties to both actions are identical (or at least in privity); (2) the judgment in the first action is rendered by a court of competent jurisdiction; (3) the first action concluded with a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits." *Id.* (internal quotation marks and citation omitted). Res judicata "precludes the relitigation of claims which have been fully adjudicated or arise from the same subject matter, and that could have been litigated in the prior action." *Palmer v. Fed. Home Loan Mortg. Corp.*, No. 4:13-CV-430-A, 2013 WL 2367794, at *2 (N.D. Tex. 2013) (citing *Nilsen v. City of Moss Point*, 701 F.2d 556, 561 (5th Cir. 1983)); *see also Proctor & Gamble Co.*, 376 F.3d at 499; *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007).

Defendants contend that Plaintiff's breach of contract and defamation claims are barred by res judicata based upon Plaintiff previously bringing these actions against Defendants in 2016. Defs.' Br. 40-41, 45, ECF No. 27. In August of 2016, Plaintiff asserted claims for defamation and breach of contract against DISD. *Id.* The case was removed to the United States District Court for the Western District of Texas, Austin Division. *Id.* at 41; Defs.' App. 504, ECF No. 28-5. The court granted DISD's motion to dismiss in that action and dismissed Plaintiff's claims with prejudice. *See* Defs.' App. 532, ECF No. 28-5. Plaintiff attempts to bring the exact same defamation and breach of contract claims in this suit. Pl.'s Am. Pet. 10, ECF No. 8. These claims were dismissed in the prior lawsuit by a court of competent jurisdiction with a final judgment on the merits. Further, the parties in the prior lawsuits and the present lawsuit are identical or in privity. Plaintiff does not respond to Defendants' argument on the applicability of res judicata. Accordingly, the Court finds his defamation and breach of contract claims are barred by res

judicata. The District Court should grant Defendants' Motion for Summary Judgment as to these claims.

## Texas Whistleblower Act

Two incidences relate to Plaintiff's Texas Whistleblower Act ("TWA"), Texas Government Code Chapter 554, claim. First, Plaintiff informed Hall and the Dallas Police Department of teenagers from a nearby school trespassing at Foster Elementary. Pl.'s Resp. 8, ECF No. 30. Second, Plaintiff filed an internal grievance and complained to DISD's Professional Standards Office, Texas Education Agency, and DISD's whistleblower hotline after Hall placed him on a growth plan. *Id.* at 13. Plaintiff alleges that his reports of these incidents are protected activities under TWA. *Id.*

The TWA provides "[a] state or local governmental entity may not suspend or terminate the employment of, or take other adverse personnel action against, a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority." TEX. GOV'T CODE § 554.002(a). In regards to the first incident, the issue is whether Plaintiff reported conduct committed by "the employing governmental entity or another public employee." *Id.* Here, Plaintiff reports a violation of law by teenagers from a neighboring middle school. Pl.'s Resp. 8, ECF No. 30. Because Plaintiff reported the violation of law by teenagers and not "the employing governmental entity or another public employee," Plaintiff cannot establish a prima facie case under the TWA from the first incident.

Defendants argue that Plaintiff's TWA claim for the second incident is time-barred. Defs.' Br. 39, ECF No. 27. Defendants contend that Plaintiff failed to file his suit within the required 30 days after the Board Subcommittee's decision to deny his grievance on August 20, 2015. *Id.* at 40. Defendants argue that the TWA required Plaintiff to file his suit by September 19, 2015. *Id.*

Plaintiff responds that he is not required to exhaust administrative remedies at this stage of the litigation and DISD does not have a specific policy in place for whistleblowing retaliation. Pl.'s Resp. 14, ECF No. 30. Defendants reply that Plaintiff exhausted his administrative remedies on August 20, 2015, the date of his Level III Grievance Hearing. Defs.' Reply 14, ECF No. 34.

Section 554.005 states "a public employee who seeks relief under this chapter must sue not later than the 90th day after the date on which the alleged violation of this chapter: (1) occurred; or (2) was discovered by the employee through reasonable diligence." TEX. GOV'T CODE § 554.005. "Before filing suit, an employee must 'initiate action under the grievance or appeal procedures' of the employer within 90 days after the alleged violation occurred or was discovered by the employee through reasonable diligence." *Alford v. Hunt Cty.*, No. 3:11-CV-457-L, 2011 WL 5104504, at *7 (N.D. Tex. Oct. 21, 2011) (quoting § 554.006(a)-(b)). "Section 554.006 does not require an employee to exhaust the employer's grievance or appeal procedures, but the grievance or appeal process must be timely initiated before filing suit." *Id.* (citing *Univ. of Texas Med. Branch v. Barrett*, 159 S.W.3d 631, 632 (Tex. 2005)). "The requirement that a grievance or appeal be initiated is a jurisdictional prerequisite to filing suit." *Id.* (citing *Univ. of Houston v. Barth*, 178 S.W.3d 157, 160-61 (Tex. App–Houston [1st Dist.] 2005, no pet.)).

"[T]he Act does not dictate what actions are required to 'initiate' the appeals procedure." *Id.* (quoting *Moore v. Univ. of Houston–Clear Lake*, 165 S.W.3d 97, 102 (Tex.App.—Houston [14th Dist.] 2005, no pet.); citing *City of Austin v. Ender*, 30 S.W.3d 590, 594 (Tex.App.—Austin 2000, no pet.). "Additionally, the statute does not require the use of particular words or require the employee to state that his grievance or appeal is based on the TWA." *Id.* (citing *Moore*, 165 S.W.3d at 102; *Ender*, 30 S.W.3d at 594). "What is required is that the employer be given reasonable notice, that is, fair notice 'of the employee's intent to appeal a disciplinary decision and notice of

12

which decision . . . the employee intends to appeal.'" *Id*. (quoting *Tarrant Cnty. v. McQuary*, 310 S.W.3d 170, 177 (Tex.App.—Fort Worth 2010, pet. denied). "If a final decision is not rendered by the employer within 61 days, an employee may either terminate the proceedings and file suit within the time remaining under section 554.005 or exhaust the procedure and sue within 30 days after the employer's procedures are exhausted." *Id*. (citing § 554.006(d)).

Here, DISD made a final decision on Plaintiff's internal grievance on August 20, 2015. Defs.' Reply 14, ECF No. 34. This means Plaintiff should have filed this alleging a violation of the TWA suit within 30 days, which was September 19, 2015. Plaintiff did not do so until November 12, 2015. Pl.'s Am. Pet. 9 ¶ 77, ECF No. 8. Even accepting Plaintiff's position as true, Plaintiff did not timely file his suit against DISD alleging a TWA violation. For the reasons stated above, the District Court should grant summary judgment for Plaintiff's claims under the TWA.

### Texas Labor Code Chapter 21

The purpose of Texas Labor Code Chapter 21 is to "provide for the execution of the policies of Title VII of the Civil Rights Act of 1964 and its subsequent amendments." TEX. LAB. CODE § 21.001(1). "Chapter Twenty-One of the Texas Labor Code makes it unlawful for an employer to discriminate against an employee with respect to compensation or the terms, conditions, or privileges of employment because of race, color, disability, religion, sex, national origin, or age." *Muniz v. El Paso Marriott*, 773 F. Supp. 2d 674, 678 (W.D. Tex. 2011), *aff'd sub nom. Muniz v. Columbia Sussex Corp.*, 477 F. App'x 189 (5th Cir. 2012) (citing TEX. LAB. CODE § 21.051)). The Labor Code "makes it unlawful for an employer to retaliate against a person who makes or files a charge or files a complaint." *Id*. at 681 (citing TEX. LAB. CODE § 21.055).

Plaintiff alleges that Defendants violated § 21.005 of the Texas Labor Code and believes he is entitled to back pay, punitive damages, medical expenses, and more. Pl.'s Am. Pet. 8 ¶ 74,

13

105, ECF No. 8. As shown above, Plaintiff fails to allege or produce sufficient summary judgment evidence of his discrimination or retaliation claims. The Texas Labor Code is merely a vehicle with which a plaintiff may bring a Title VII action under Texas state law. *See Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 219 n.10 (5th Cir. 2001) (claims brought pursuant to Chapter 21 of the Texas Labor Code are analyzed pursuant to Title VII framework). Accordingly, the District Court should grant summary judgment on Plaintiff's claims under the Texas Labor Code.

### Individuals with Disabilities Education Act

Plaintiff brings a claim under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 et seq. ("IDEA"). "The IDEA's purpose is 'to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living[.]'" *Shafi v. Lewisville Indep. Sch. Dist.*, No. 4:15-CV-599, 2016 WL 7242768, at *5 (E.D. Tex. Dec. 15, 2016) (citing 20 U.S.C. § 1400(d)(1)(A)). "States receiving federal assistance under the IDEA must: (1) provide a 'free appropriate public education' [] to each disabled child within its boundaries, and (2) ensure that such education is in the 'least restrictive environment' [] possible." *Id.* (citing *Cypress-Fairbanks Indep. Sch. Dist. v. Michael F.*, 118 F.3d 245, 247 (5th Cir. 1997); 20 U.S.C. § 1412(a)(1), (5)). The IDEA is "meant to prevent discrimination by public agencies, not officials acting in their individual capacities." *D.A. v. Houston Indep. Sch. Dist.*, 716 F. Supp. 2d 603, 611 (S.D. Tex. 2009) (citing *Bradley v. Arkansas Dep't of Educ.*, 301 F.3d 952, 957 n.5 (8th Cir. 2002)). "Only parents or legal guardians may sue on behalf of students covered by the . . . IDEA." *Wooderts v. Dallas Indep. Sch. Dist.*, No. 3:10-CV-573-P, 2010 WL 2160144, at *2 (N.D. Tex. May 3, 2010)(citing *Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 529 (2007)). Exhaustion of administrative remedies for IDEA claims is

required unless Plaintiff demonstrates that exhaustion would be futile or inadequate. *See Papania-Jones v. Dupree*, 275 F. App'x 301, 303 (5th Cir. 2008) (citing *Gardner v. Sch. Bd. Caddo Parish*, 958 F.2d 108, 111-12 (5th Cir. 1992)); *Reed v. Kerens Indep. Sch. Dist.*, No. 3:16-CV-1228-BH, 2017 WL 2463275, at *6 (N.D. Tex. June 6, 2017). "[T]he exhaustion requirement of the IDEA is jurisdictional." *Hooker v. Dallas Indep. Sch. Dist.*, No. 3:09-CV-1289-D, 2010 WL 4025877, at *6 (N. D. Tex. Oct. 13, 2010).

Defendants argue that Plaintiff's IDEA claim against them fails, because IDEA (1) does not provide a cause of action against officials acting in their individual capacities, (2) was not designed to protect school district personnel, and (3) was not meant to cover tort injuries, such as the injuries Plaintiff purportedly sustained as a Special Education Assistant. Defs.' Br. 50, ECF No. 27. Defendants further argue that Plaintiff failed to exhaust his administrative remedies for the IDEA claim. Defs.' Br. 50, ECF No. 27. As Defendants argue, the IDEA was not designed to protect school personnel such as Plaintiff, but allows parents or guardians to bring suit on behalf of children with disabilities. *See Wooderts*, 2010 WL 2160144, at *1-2 (finding that the plaintiff, a former second grade teacher, lacked standing to bring suit under the IDEA). Furthermore, Plaintiff has not shown that he exhausted his administrative remedies or that exhaustion would be futile or inadequate. Therefore, Plaintiff's IDEA claim fails.

## **RECOMMENDATION**

The Court finds that Defendants have met their burden of demonstrating that they are entitled to judgment as a matter of law because based on the undisputed facts, there is no genuine issue of material fact for trial. Accordingly, the Court respectfully recommends that the District Court **GRANT** Defendants' Motion for Summary Judgment [ECF No. 26]. The District Court should dismiss with prejudice all of Plaintiff's claims against Defendants.

**SO RECOMMENDED**, this 6 day of August, 2017.

                                                PAUL D. STICKNEY
                                                UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).