UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD D. YOUNG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:16-CV-543-N (BT) |
| | § | |
| DALLAS INDEPENDENT SCHOOL | § | |
| DISTRICT and ZACHARY HALL, | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This *pro se* civil action has been automatically referred to the United States

magistrate judge for pretrial management pursuant to Special Order No. 3-251.

Before the Court is Plaintiff Richard D. Young's Second Amended Motion to

Proceed *In Forma Pauperis* [ECF No. 59]. For the reasons discussed herein,

Plaintiff's motion should be **DENIED**.

### Discussion

Title 28 U.S.C. § 1915(a) sets forth the standards governing *in forma*

*pauperis* motions. In order to proceed *in forma pauperis* on appeal, the movant

must submit an affidavit that states "the nature of the action, defense or appeal

and affiant's belief that he is entitled to redress." 28 U.S.C. § 1915(a); *see also*

FED. R. APP. P. 24(a)(1) ("The party must attach an affidavit that: (A) shows in

the detail prescribed by Form 4 of the Appendix of Forms the party's inability to

pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal.").

A district court may deny a motion to proceed *in forma pauperis* if an appeal is not taken in good faith. *See* 28 U.S.C. § 1915(a)(3). "An appeal is taken in good faith if it presents an arguable issue on the merits or factual basis for the claim and therefore is not frivolous." *Washington v. Plano Indep. Sch. Dist.*, 2017 WL 2416331, at *2 (E.D. Tex. June 5, 2017) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Howard v. King*, 707 F.2d 215, 219 (5th Cir. 1983)). "To that end, a movant must demonstrate the existence of a non-frivolous issue for appeal." *Id.* (citing *Payne v. Lynaugh*, 843 F.2d 177, 178 (5th Cir. 1988)). "If the district court cannot discern the existence of any non-frivolous issue on appeal, then an appeal is not taken in 'good faith' and the movant's petition to appeal *in forma pauperis* must be denied." *Id.* (citing *Howard*, 707 F.2d at 220). "The district court should consider any pleadings and motions of a *pro se* litigant under less stringent standards than those applicable to licensed attorneys." *Id.* (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). "Notwithstanding, although *pro se* briefs must be liberally construed, even *pro se* litigants must brief arguments in order to preserve them." *Id.* (*Yohey v. Collins*, 985 F.2d 222, 222-25 (5th Cir. 1993)).

Plaintiff was advised in the Court's November 2, 2017 and November 20, 2017 orders that his previous *in forma pauperis* motions [ECF Nos. 52 & 54]

were denied, because Plaintiff failed to submit an affidavit that complies with 28

U.S.C. § 1915(a) and Federal Rule of Appellate Procedure 24(a). *See* Orders 2

[ECF Nos. 53 & 55]. Plaintiff was also specifically advised that a Form 4 Affidavit

Accompanying Motion for Permission to Appeal *In Forma Pauperis* can be found

on the website for the United States Court of Appeals for the Fifth Circuit. *See*

Orders 1 [ECF Nos. 53 & 55]. However, Plaintiff's present Motion to Proceed *in*

*forma pauperis* [ECF No. 59] still fails to comply with 28 U.S.C. § 1915(a) and

Federal Rule of Appellate Procedure 24(a). Specifically, Plaintiff's motion fails to

identify the issues he intends to present on appeal. 28 U.S.C. § 1915(a); FED. R.

APP. P. 24(a)(1)(C). Without this basic information, the Court cannot begin to

examine whether Plaintiff's appeal is taken in good faith. Therefore, Plaintiff's

present motion to proceed *in forma pauperis* again should be denied without

prejudice.

## Recommendation

For the reasons discussed herein, Plaintiff's Second Amended Motion to

Proceed *In Forma Pauperis* [ECF No. 59] should be **DENIED**.

**SO RECOMMENDED**.

August 3, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

       The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).